IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEPHAN TODD REISINGER,<br><br>Defendant. | Case No. 1:19-cr-00240-DLH<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

The United States of America, by Nicholas W. Chase, Acting United States Attorney for the District of North Dakota, Christopher J. Costantini, Senior Trial Attorney, and Gary L. Delorme, Assistant United States Attorney, has no objections or corrections to the Presentence Investigation Report in this case and submits this sentencing memorandum in support of the recommendation to be made in this matter.

I. Introduction

Dustin Payne was a highly regarded, hard-working U.S. Marine combat veteran with a fiancé and a long life ahead of him. That promising life was cut short due to willful corporate crimes. The defendant in this case significantly obstructed OSHA's investigation into Payne's avoidable death, forcing the government to spend considerable resources, spanning several years, to uncover how and why Payne died. For this serious crime, an 18-month prison sentence is warranted.

II. Procedural Background

On December 4, 2019, the United States filed an Indictment charging the defendant, Stephan Todd Reisinger, with one count of obstructing an official proceeding

in violation of 18 U.S.C. § 1505. (DCD 2). On February 16, 2021, an executed Plea Agreement was filed with the court in which the defendant agreed to plead guilty (DCD 30), and on March 8, 2021, the court accepted the Plea Agreement. (DCD 33).

Payne's employer, C&J Well Services ("CJWS"), formerly known as Nabors Completion & Production Services Company ("NCPS"), was convicted in a related case for causing his death. See United States v. C&J Well Services, Inc., Case No. 1:19-cr-079 (N.D. 2019) ("CJWS case"). Specifically, on August 28, 2019, CJWS was convicted of willfully violating an OSHA Standard Causing Death in violation of 29 U.S.C. § 666(e), and was sentenced to pay a $500,000 fine and $1,600,000 in restitution. Id. at Judgment (DCD 15).

III. Factual Background

The defendant was the Maintenance Manager at the NCPS facility in Williston, North Dakota ("Williston facility"). NCPS provided oilfield services to oil wells that were in their completion or production phases.

Dustin Payne was a welder in the maintenance department and worked with two other welders in the Williston facility's weld bay. On October 3, 2014, a truck mechanic brought a tank truck with a small leaking hole to the weld bay so that the tank could be repaired. The tank trailer was backed into the weld bay. When Payne attempted to weld the hole on the tank, heat or sparks caused a flammable vapor mixture inside the tank to ignite, causing an explosion. The back hatch of the tank blew off and struck Payne in the abdomen, causing severe injury. Payne was flown by helicopter to a hospital in Minot, North Dakota, where he died five days later.

The tank truck had been used to transport "produced water," an oil well wastewater that contains a mixture of water, salts, and residual hydrocarbons. The tank had been emptied, but hydrocarbon residues remained inside, which created the explosive atmosphere.

OSHA began an investigation on October 9, 2014, the day after Payne's death. On that day, an OSHA inspector conducted an inspection of the Williston facility. The investigation involved document requests and employee interviews, including an interview of the defendant on December 11, 2014. In that interview, the defendant repeatedly made false statements, including that he did not know of the hazards and composition of produced water. The defendant also falsely stated that he thought "just water" was in the tanks. An extensive follow-up investigation – including interviews with witnesses in multiple states and the review of thousands of documents over a period of years – revealed the falsity of the defendant's statements and finally provided a true picture of the circumstances surrounding Payne's death.

The defendant substantially interfered with the administration of justice by repeatedly lying during an OSHA interview related to Payne's death. Six years after deceiving OSHA, on January 26, 2021 (DCD 30 at 10), the defendant signed his Plea Agreement finally accepting responsibility for the crime.

IV. <u>Sentencing Guidelines Calculation</u>

    A. <u>Summary</u>

Both the Plea Agreement (DCD 30 at 1-2) and the Presentence Investigation Report ("PSR") (DCD 42 at 5-6) accurately set forth the proper application of the United States Sentencing Guidelines:

| | |
|---|---|
| Base offense level – 2J1.2(a) | 14 |
| Substantial Interference – 2J1.2(b)(2) | +3 |
| Acceptance - 3E1.1(a) and (b) | -3 |
| **Offense Level** | **14** |
| **Criminal History Category** | **II** |
| **Guidelines Sentencing Range** | **18-24 months** |

B.  Analysis of Guidelines Application

The Obstructing Justice Guideline calls for a three-level increase "[i]f the offense resulted in substantial interference with the administration of justice." § 2J1.2(b)(2). "Substantial interference with the administration of justice" includes causing the "unnecessary expenditure of substantial governmental or court resources." Id., comt. n.1. Courts have applied the enhancement when a failure to provide subpoenaed information resulted in the government having to obtain thousands of documents. United States v. Voss, 82 F.3d 1521, 1532-33 (10th Cir. 1996) (concluding that the district court did not err by imposing the three-level increase under § 2J1.2(b)(2) when an IRS agent testified that the defendant's failure to comply with a subpoena interfered with the IRS's ability to do its job, and the court concluded that the subpoenaed records "would have been helpful to the government's investigation").

V.  Statutory Factors (18 U.S.C. § 3553(a))

An analysis of statutory sentencing factors in this case clearly justifies a term of imprisonment of 18 months.

A.  Nature and Circumstances of the Offense

The defendant obstructed the investigation into Payne's death, depriving OSHA from properly doing its vital work to ensure workplaces are free from hazards that can kill or injure workers. The former OSHA inspector who oversaw the investigation into Payne's death submitted an email dated September 15, 2021 stressing the serious ramifications of obstructing an investigation:

> These are some of the impacts of inspection obstructionism:
>
> 1. More spending of public money to [sic] for extra effort on inspections
>
>    a. Travel to the site multiple times
>    b. Salaries for Compliance Officers, Solicitors, and Managers
>    c. Litigation cost
>
> 2. Fewer inspections because the Compliance Officer has to spend time concluding what's true/untrue. Ultimately fewer inspections means less enforcement and less safe workplaces.
>
> 3. Ties up resources such as trucks, recorders, gas monitors, etc. If these are used to investigate untruths, they can't be used elsewhere.
>
> 4. If the lie goes unnoticed, improper application of the OSH Act and violators may not be held accountable. A citable condition may not be cited.

See McElvany September 15, 2021 email (attached).

The defendant's obstruction occurred within the context of his failure to adequately supervise the daily work of the welders, which contributed to the explosion

that caused Payne's death. (CJWS case, DCD 2-1 at 5). The defendant's inadequate supervision included failing to ensure Payne had a gas meter to test for explosive vapors prior to welding. Id.

The defendant also failed to designate a responsible individual to perform pre-work inspections and authorize each welding project prior to the welders commencing their work, as the NCPS welding policy required. Id. No hot work permits were issued for any of the approximately 200 welding projects performed by the welders in and around the welding bay. Id.

### B. The History and Characteristics of the Defendant

As indicated, the defendant has a criminal history, warranting his designation of Criminal History Category II under the Guidelines. See U.S.S.G. § 4A1.1. The PSR provided a detailed and accurate account of that criminal history. (DCD 42 at 7-10).

### C. The Need for the Sentence to Reflect the Seriousness of the Offense

The seriousness of the defendant's offense has been discussed above. An 18-month sentence, which is at the low-end of the guideline range, is needed to reflect the seriousness of obstructing workplace fatality investigations.

### D. The Need to Provide Just Punishment for the Offense and Avoid Sentencing Disparities

The United States Congress and the United States Sentencing Commission have created laws and sentencing guidelines in an attempt to provide consistent sentences for different individuals charged with similar crimes. See 18 U.S.C. § 3553(a)(6); U.S.S.G. § 5H Introductory Commentary. As such, it is important to honor this policy goal by

sentencing similar offenders in a similar fashion unless extenuating circumstances suggest an appropriate alternative resolution. In this case, no such extenuating circumstances exist, and indeed the obstruction of Payne's tragic fatality compels an 18-month term of imprisonment.

    E.  <u>To Afford Adequate Deterrence to Criminal Conduct</u>

A meaningful term of imprisonment is important to deter both the defendant and others from committing similar crimes in the future. General deterrence is particularly important in this type of case, since OSHA primarily relies on truthful cooperation to enforce essential and federally-mandated workplace safety standards. This necessary reliance is due to the limited number of inspectors assigned to investigate workplace fatalities and injuries, which is especially true in North Dakota where the vast territorial expanse and large number of oilfields create significant logistical challenges to enforcement. Where, as here, obstructing OSHA has been established, it is critical that the term of imprisonment deter others from knowingly violating laws necessary to protect North Dakota's workers.

    F.  <u>Rehabilitation</u>

The defendant's prior criminal history shows that a jail sentence is needed to contribute to his rehabilitation. The defendant made a calculated effort to mislead OSHA regarding facts critical to the investigation. An appropriate term of imprisonment is warranted.

Dated: October 7, 2021

                      NICHOLAS W. CHASE
                      Acting United States Attorney

By:   /s/ *Gary L. Delorme*
       GARY L. DELORME
       Assistant United States Attorney
       ND Bar ID 05845
       P.O. Box 699
       Bismarck, ND  58502-0699
       (701) 530-2420
       gary.delorme@usdoj.gov


       TODD KIM
       Assistant Attorney General
       Env't and Natural Resources Div.
       U.S. Department of Justice

By:   /s/ *Christopher J. Costantini*
       Christopher J. Costantini
       Senior Trial Attorney
       Environmental Crimes Section
       4 Constitution Square
       150 M Street, NE
       Suite 4.212
       Washington, DC  20002
       (202) 305-0375
       PA Bar No. 64146
       Christopher.Costantini@usdoj.gov

       Attorneys for the United States